FILED
MARCH 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
MARCH 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L HUGHES, | ) | |
| | ) | PLAINTIFF DEMANDS |
| Plaintiff, | ) | JURY TRIAL |
| | ) | |
| v. | ) | Case number: |
| | ) | |
| THE SUN TIMES COMPANY, a Delaware Corporation, | ) | **08 C 1360** |
| | ) | |
| Defendant. | ) | **JUDGE CONLON**<br>**MAGISTRATE JUDGE KEYS** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANTHONY L. HUGHES, by and through his attorney, Philip W. Collins III, and complaining of the Defendant, THE SUN TIMES COMPANY, a Delaware corporation, states as follows:

### NATURE OF ACTION

2. This is an action against the Sun Times Company ("the Sun Times") under Title I of the Americans With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A. §§ 12111 to 12117), for its unlawful employment practices on the basis of disability. The Sun Times intentionally refused to accommodate Plaintiff's disability and discharged Plaintiff in violation of Plaintiff's federally protected rights.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C.A. §

1

12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a.

4.    The employment practices alleged herein to be unlawful were committed in the Northern District of Illinois and consequently venue in this judicial district is proper pursuant to 28 U.S.C.A. § 1391.

## PARTIES

5.    Anthony L. Hughes is a citizen of the United States and a resident of Oswego, Illinois.

6.    Plaintiff suffers from a mental disorder that causes him to suffer severe bouts of depression. This mental impairment substantially limits his ability to engage in the major life activity of working without reasonable accommodation. As a result, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA").

7.    The Sun Times is a Delaware corporation and at all times relevant hereto has done business in the State of Illinois, and has continuously had and does now have at least fifteen (15) employees.

8.    At all relevant times, Defendant has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.A. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C.A. § 2000e(g) and (h).

9.    Defendant is an employer within the meaning of the ADA.

## PROCEDURAL REQUIREMENTS

10.     On or about November 26th, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Chicago, Illinois. The charge was filed within three hundred (300) days after the occurrence of one or more of the alleged unlawful employment practices in violation of 42 U.S.C.A. § 12117(a).

11.     On November 28th, 2007, the EEOC issued Plaintiff a Notice of Right to Sue letter, stating that Plaintiff could file an action under the ADA. Plaintiff filed the complaint in this case within ninety (90) days after the date on which the Notice of Right to Sue was received.

12.     Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted his administrative remedies as required by law.

## STATEMENT OF FACTS

13.     Plaintiff, Hughes, was employed by Defendant, the Sun Times as a Content Specialist from February 12th, 2007, until he was wrongfully terminated on November 5th, 2007.

14.     Beginning in March of 2007, Hughes suffered severe depressive symptoms, including anxiety and panic attacks while at work. On many of these occasions, the triggering event was antagonism from Hughes' supervisor, Mary Ann Lopez ("Lopez").

15.     On September 25th, 2007, Hughes was given a "1st Written Warning" alleging, among other things, "poor attitude, disregarding authority and in general, poor performance."

16.     On October 3, 2007, Hughes was again written up by Lopez, receiving a "2nd Written Warning," alleging "poor attitude and disregarding authority."

17.     On October 15th, 2007, Hughes sent Lopez a letter stating that he had been diagnosed with depression since March of 2006; that he was currently undergoing treatment

again by a doctor; and that he was confident that, with the aid of treatment, his performance and attitude at work would improve greatly.

18. On October 25th, 2007, Lopez issued Hughes a "FINAL WARNING" alleging Hughes' performance had not improved.

19. On October 30th, 2007, Hughes wrote a letter to Jack Barry ("Barry"), Lopez's supervisor, complaining of Lopez abusive and degrading treatment of him and how it had a negative impact on his medical condition.

20. Never having heard any response from the Sun Times regarding either of his letters to management, Hughes was terminated on November 5th, 2007, not having been provided the benefit of the Sun Times' own policies regarding, among others, discipline, investigations, and employee complaints.

### VIOLATION OF ADA, TITLE I

21. Paragraphs 1 to 20 are incorporated herein by reference as if fully pleaded herein.

22. Hughes suffers from a mental impairment that limits him in the major life activity of working. Accordingly, he is disabled within the meaning of the ADA.

23. Hughes could have performed his job, for which he was qualified, with reasonable accommodation from the Sun Times, but that accommodation was unlawfully denied to him.

24. Hughes was subjected to a hostile work environment as a result of his disability.

25. Hughes informed the Sun Times of the hostile work environment and its effect on him and asked that the Sun Times take steps to remedy those problems, yet the Sun Times refused to do so.

26.     The acts alleged above, including the Sun Times' willful failure to accommodate Hughes' reasonable requests for accommodation, and willful failure to remedy the hostile environment, constitute unlawful employment practices in violation of ADA Section 102(a), 102(b)(1) and 102(b)(5)(A) and (B), 42 U.S.C.A. § 12112(a), (b)(1) and (b)(5)(A) and (B). All conduct alleged above occurred during a legally cognizable time period at Defendant's Aurora, Illinois facility.

27.     The Sun Times employment practices, as alleged above, deprived Hughes of equal employment opportunities and otherwise adversely affected his status as an employee, and were the result of Hughes' disability.

28.     The Sun Times engaged in the above-described conduct against Hughes with malice and in reckless disregard of Hughes' federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff (1) economic damages in the form of lost back pay, front pay, medical expenses and medical insurance premiums and other pecuniary losses, together with interest as permitted by law; (2) compensatory damages for mental pain and anguish in amounts to be proved at trial; (3) attorneys' fees and costs of this action; (4) punitive damages in an amount to be proven at trial; (5) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and (6) such other and further relief as this Court deems necessary and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

>Respectfully Submitted,
>
>s/Philip W. Collins III
>
>Counsel for Plaintiff

Philip W. Collins III, Esq.
Law Offices of Philip W. Collins III
940 E. Diehl Road, Suite 110-B
Naperville, Illinois 60563
Tel: (630) 505-1424
Fax: (630) 505-1425
Email: pwc3@pwc3law.com
IL ARDC no. 6204019