IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. HUGHES, ) | Case No. 08 C 1360 |
| ) | |
| Plaintiff, ) | Judge Conlon |
| ) | |
| v. ) | Magistrate Judge Keys |
| ) | |
| THE SUN TIMES COMPANY, a Delaware ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

The Sun Times Company (the "Sun Times") moves to dismiss Plaintiff Anthony Hughes' ("Hughes") complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1.[1]  In support of its motion, the Sun Times states:

**INTRODUCTION**

On November 28, 2007, the Equal Employment Opportunity Commission ("EEOC") mailed Hughes a dismissal and notice of right to sue (Compl. 11).[2]  On March 5, 2008, 98 days after EEOC mailed the notice of right to sue, Hughes filed a complaint against the Sun Times alleging violations of the Americans with Disabilities Act ("ADA") (Compl. 2 ).  Hughes' complaint is time-barred and must be dismissed because it was filed more than ninety days after receipt of his notice of right to sue.  Consequently, Hughes' complaint should be dismissed with prejudice and judgment entered in the Sun Times' favor.

---

[1] Plaintiff incorrectly identified Defendant as "The Sun Times Company."  Plaintiff was employed by Fox Valley Publications—a subsidiary of the Sun-Times News Group.

[2] Hughes' complaint is cited as (Compl. __).

**ARGUMENT**

A civil action alleging a violation of the ADA must be filed within ninety days after receipt of plaintiff's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1); *see St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984). The ADA's mandatory ninety-day filing requirement is strictly enforced in this Circuit. *See Fleming v. Alcoa Building Products*, 820 F. Supp. 1113, 1116-17 (N.D. Ind. 1992) *citing e.g., Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984); *see also Davis v. Browner*, 113 F. Supp.2d 1223, 1226 (N.D. Ill. 2000) ("The [ninety-day] time limit is not flexible, even for pro se litigants, and a one-day delay is fatal"); *Wilson v. Doctors Hospital of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (same).

The EEOC sent Hughes a notice of right to sue on November 28, 2007 (Compl. 11). Hughes's notice of right to sue states that: "Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost[.]" (emphasis in original). The law presumes that Hughes received his notice of right to sue within five days of its mailing. *See Ungeran v. Commonwealth Edison*, 2001 WL 1035181, *2 (N.D. Ill. Sep. 7, 2001) *citing Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989) (applying the five-day mail presumption). Hughes waited until March 5, 2008, 98 days after his notice of right to sue was mailed, to file his complaint. Consequently, Hughes' complaint is time-barred and should be dismissed with prejudice. *See Alverno*, 744 F.2d at 1316-17 (7th Cir. 1984) (affirming dismissal of plaintiff's lawsuit for failure to file complaint within ninety days after receiving notice of right to sue); *Thomas v. UPS*, 2000 WL 290279, *2 (N.D. Ill. March 17, 2000) and *Wilson*, 909 F. Supp. at 581 (N.D. Ill 1996) (dismissing plaintiff's lawsuit because his complaint was filed <u>one day</u> after expiration of the ninety-day period); *Clark v. Residents' Journal*, 2003 WL 21518553, *3 (dismissing plaintiff's lawsuit because her complaint was filed <u>two days</u> after expiration of the ninety-day period); *Brown v. City of Chicago*, 1998 WL 704278, *3-4 (N.D. Ill. Sept. 30,

1998) (dismissing plaintiff's lawsuit because his complaint was filed <u>three days</u> after expiration of the ninety-day period).

## CONCLUSION

Based on the foregoing, the Sun Times respectfully requests that the Court dismiss Hughes' complaint with prejudice and enter a judgment in favor of the Sun Times.

Respectfully submitted,

THE SUN-TIMES NEWS GROUP,


<u>/s/ Jason M. Torres</u>

Kristin Michaels
Jason M. Torres
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

April 21, 2008

**CERTIFICATE OF SERVICE**

Jason M. Torres, an attorney, certifies that he caused a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss to be filed electronically in the United States District Court for the Northern District of Illinois on this 21st day of April , 2008.

    Philip W. Collins III, Esq.
    Law Offices of Philip W. Collins III
    940 E. Diehl road, Suite 110-B
    Naperville, Illinois  60563
    (630) 505-1424
    pwc3@)pwc3law.com


    s/ Jason M. Torres