## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1360 | **DATE** | 5/22/2008 |
| **CASE TITLE** | ANTHONY L. HUGHES vs. THE SUN TIMES COMPANY | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss the complaint [10] is denied. Defendant shall answer the complaint by May 29, 2008. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]                                                Notices mailed by Judicial staff.

### STATEMENT

Anthony Hughes sues his former employer, The Sun Times Company ("Sun Times"), under Title I of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, for unlawful employment practices on the basis of disability. Sun Times moves to dismiss Hughes' complaint under Fed. R. Civ. P. 12(b)(6) because of untimeliness.

**Legal Standard.** On a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in Hughes' favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Hughes only needs to provide enough detail to give Sun Times fair notice of his claim and show that it is plausible, rather than merely speculative, that he is entitled to relief. *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964 (further citations omitted)).

**Background.** Hughes suffers from a mental disorder that causes severe bouts of depression. He worked as a Sun Times content specialist from February 12, 2007 until his termination on November 5, 2007. Hughes suffered depressive symptoms at work. He claims Sun Times made no reasonable accommodation for him, subjected him to a hostile work environment, and wrongfully discharged him.

Hughes filed a discrimination charge with the EEOC. A right-to-sue letter was issued on November 28, 2007. Hughes filed this complaint on March 5, 2008, 98 days after the EEOC issued the right-to-sue letter. Hughes alleges he filed his complaint within 90 days after *receipt* of his right-to-sue letter. Consistent with this allegation, an affidavit attached to Hughes' response brief attests that Hughes' attorney did not receive the right-to-sue letter until December 7, 2007 – less than 90 days before Hughes filed his complaint. *Cf. Help at Home,*

| | Courtroom Deputy Initials: | WH |
|---|---|---|

**STATEMENT**

*Inc. v. Med. Capital*, 260 F.3d 748, 752-53 (7th Cir. 2001) (an affidavit with additional facts may be supplemented by a plaintiff to defeat a motion to dismiss if the facts are consistent with allegations in the complaint).

**Discussion.** An ADA claim must be brought within 90 days after the plaintiff's receipt of an EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). The 90-day limitations period begins on the date of actual receipt of the right-to-sue letter, not on the date the EEOC issues or mails it. *E.g., Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001); *Bobbitt v. The Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). "Actual receipt" of the right-to-sue letter may be by the plaintiff himself or by the plaintiff's attorney. 42 U.S.C. § 2000e-5(f)(1); *Threadgill*, 269 F.3d at 850; *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984).

Sun Times speculates that Hughes' claim is untimely because there is a presumption that right-to-sue letters are received five days from the mailing date. *See, e.g., Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989). According to Sun Times, Hughes is presumed to have received the right-to-sue letter on December 3, 2007 – that is, five days after the letter's issuance (November 28, 2007) – and more than 90 days prior to the filing of Hughes' complaint. This argument is belied by the complaint, which plainly alleges that Hughes filed his complaint within 90 days of receiving the right-to-sue letter. Compl. ¶ 11. Further buttressing this allegation is an affidavit (attached to Hughes' response brief) by his attorney stating he did not receive the right-to-sue letter until nine days after its issuance, on December 7, 2007. *See* Collins Aff.

Drawing all reasonable inferences in Hughes' favor, there is no reason to discount the assertion that the complaint was timely filed. *See, e.g., Del Korth v. Supervalu, Inc.*, 46 Fed. Appx. 846, 847-848 (7th Cir. 2002) (citations omitted). This is particularly true because Sun Times' untimeliness argument is an affirmative defense, and Hughes is not required to anticipate and overcome affirmative defenses in his complaint. *Id.* (citing *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). A 12(b)(6) dismissal is unwarranted. *See id.* at 848; *see also Conway v. Pinnacle Realty Mgmt Co.*, No. 02 C 253, 2002 WL 1008471, at *2 (N.D. Ill. May 16, 2002) (Kocoras, J.) (allegations regarding receipt of right-to-sue letter sufficient to withstand dismissal); *Parks v. Female Health Care Assocs., Ltd.*, No. 96 C 7133, 1997 WL 285870, at *3-4 (N.D. Ill. May 23, 1997) (Anderson, J.) (same). The question of whether Hughes received the right-to-sue letter more than 90 days before its issuance raises factual issues not properly resolved in a motion to dismiss. *See, e.g., Del Korth*, 46 Fed. Appx. at 847-48 (citations omitted).

*Suzanne B. Conlon* (signature)