**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY L. HUGHES, | ) | Case No. 08 C 1360 |
| | ) | |
| Plaintiff, | ) | Judge Conlon |
| | ) | |
| v. | ) | Magistrate  Judge Keys |
| | ) | |
| THE SUN TIMES COMPANY, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, The Sun Times Company (the "Sun Times"), submits its answers and

affirmative defenses to Plaintiff Anthony Hughes' ("Hughes") complaint as follows:[1]

**NATURE OF ACTION**

**COMPLAINT ¶ 2:**

This is an action against the Sun Times Company ("the Sun Times") under Title I of the
Americans With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A. §§ 12111
to 12117), for its unlawful employment practices on the basis of disability.  The Sun Times
intentionally refused to accommodate Plaintiff's disability and discharged Plaintiff in violation
of Plaintiff's federally protected rights.

**ANSWER:**

The Sun Times admits that Hughes is bringing this action under Title I of the Americans

With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A. §§ 12111 to 12117).

The Sun Times denies all remaining allegations in paragraph 2.

---

[1] Plaintiff incorrectly identified Defendant as "The Sun Times Company."  Plaintiff was
employed by Fox Valley Publications LLC, a subsidiary of the Sun-Times News Group.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 3:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C.A. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a.

**ANSWER:**

The Sun Times admits the allegations in paragraph 3.

**COMPLAINT ¶ 4:**

The employment practices alleged herein to be unlawful were committed in the Northern District of Illinois and consequently venue in this judicial district is proper pursuant to 28 U.S.C.A. § 1391.

**ANSWER:**

The Sun Times denies that it committed any unlawful employment practices.  The Sun

Times admits the remaining allegations in paragraph 4.

## PARTIES

**COMPLAINT ¶ 5:**

Anthony L. Hughes is a citizen of the United States and a resident of Oswego, Illinois.

**ANSWER:**

The Sun Times admits the allegations in paragraph 5.

**COMPLAINT ¶ 6:**

Plaintiff suffers from a mental disorder that causes him to suffer severe bouts of depression.  This mental impairment substantially limits his ability to engage in the major life activity of working without reasonable accommodation.  As a result, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA").

**ANSWER:**

The Sun Times denies the allegations in paragraph 6.

**COMPLAINT ¶ 7:**

The Sun Times is a Delaware corporation and at all times relevant hereto has done business in the State of Illinois, and has continuously had and does now have at least fifteen (15) employees.

**ANSWER:**

The Sun Times admits the allegations in paragraph 7.

**COMPLAINT ¶ 8:**

At all relevant times, Defendant has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.A. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C.A. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C.A. § 2000e(g) and (h).

**ANSWER:**

The Sun Times admits the allegations in paragraph 8.

**COMPLAINT ¶ 9:**

Defendant is an employer within the meaning of the ADA.

**ANSWER:**

The Sun Times admits the allegations in paragraph 9.

## PROCEDURAL REQUIREMENTS

**COMPLAINT ¶ 10:**

On or about November 26th, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Chicago, Illinois.  The charge was filed within three hundred (300) days after the occurrence of one or more of the alleged unlawful employment practices in violation of 42 U.S.C.A. § 12117(a).

**ANSWER:**

The Sun Times admits the allegations in paragraph 10.

**COMPLAINT ¶ 11:**

On November 28th, 2007, the EEOC issued Plaintiff a Notice of Right to Sue letter, stating that Plaintiff could file an action under the ADA.  Plaintiff filed the complaint in this case within ninety (90) days after the date on which the Notice of Right to Sue was received.

**ANSWER:**

The Sun Times admits that the EEOC issued a Notice of Right to Sue on November 28,

2007.  The Sun Times denies all remaining allegations in paragraph 11.

**COMPLAINT ¶ 12:**

Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been
fulfilled, and Plaintiff has exhausted his administrative remedies as required by law.

**ANSWER:**

The Sun Times admits that jurisdictional requirements have been met, but denies that

Hughes exhausted his administrative remedies and/or met all statutory prerequisites prior to

filing suit.

## STATEMENT OF FACTS

**COMPLAINT ¶ 13:**

Plaintiff, Hughes, was employed by Defendant, the Sun Times as a Content Specialist
from February 12th, 2007, until he was wrongfully terminated on November 5th, 2007.

**ANSWER:**

The Sun Times admits that Hughes was employed as a Content Specialist from February

12, 2007 through November 5, 2007.  The Sun Times denies all remaining allegations in

paragraph 13.

**COMPLAINT ¶ 14:**

Beginning in March of 2007, Hughes suffered severe depressive symptoms, including
anxiety and panic attacks while at work.  On many of these occasions, the triggering event was
antagonism from Hughes' supervisor, Mary Ann Lopez ("Lopez").

**ANSWER:**

The Sun Times denies the allegations in paragraph 14.

**COMPLAINT ¶ 15:**

On September 25th, 2007, Hughes was given a "l$^{st}$ Written Warning" alleging, among
other things, "poor attitude, disregarding authority and in general, poor performance."

**ANSWER:**

The Sun Times admits that Hughes received his "1st Written Warning" from Mary Ann

Lopez on September 25, 2007, for conduct including "poor attitude, disregarding authority, and

in general, poor performance."  The Sun Times denies all remaining allegations in paragraph 15.

**COMPLAINT ¶ 16:**

On October 3, 2007, Hughes was again written up by Lopez, receiving a "2nd Written
Warning," alleging "poor attitude and disregarding authority."

**ANSWER:**

The Sun Times admits the allegations in paragraph 16.

**COMPLAINT ¶ 17:**

On October 15th, 2007, Hughes sent Lopez a letter stating that he had been diagnosed
with depression since March of 2006; that he was currently undergoing treatment again by a
doctor; and that he was confident that, with the aid of treatment, his performance and attitude at
work would improve greatly.

**ANSWER:**

The Sun Times admits that Hughes sent a letter to Lopez on October 15, 2007, stating

that he "was first diagnosed with depression in March, 2006," that he was "now pursuing

additional treatment and medical care," and that he was "confident this course of action will help

[him] better perform [his] duties, improve [his] attitude, and successfully meet all of your

expectations[.]"  The Sun Times denies all remaining allegations in paragraph 17.

**COMPLAINT ¶ 18:**

On October 25th, 2007, Lopez issued Hughes a "FINAL WARNING" alleging Hughes'
performance had not improved.

**ANSWER:**

The Sun Times admits the allegations in paragraph 18.

**COMPLAINT ¶ 19:**

On October 30th, 2007, Hughes wrote a letter to Jack Barry ("Barry"), Lopez's supervisor, complaining of Lopez abusive and degrading treatment of him and how it had a negative impact on his medical condition.

**ANSWER:**

The Sun Times admits that Hughes wrote a letter to Jack Barry, Lopez's supervisor, dated October 30, 2007.  The Sun Times admits that Hughes' October 30 letter stated that Lopez's alleged abusive treatment had a negative affect on his medical condition.  The Sun Times denies all remaining allegations in paragraph 19.

**COMPLAINT ¶ 20:**

Never having heard any response from the Sun Times regarding either of his letters to management, Hughes was terminated on November 5th, 2007, not having been provided the benefit of the Sun Times' own policies regarding, among others, discipline, investigations, and employee complaints.

**ANSWER:**

The Sun Times admits that Hughes was terminated on November 5, 2007.  The Sun Times denies all remaining allegations in paragraph 20.

## VIOLATION OF ADA, TITLE I

**COMPLAINT ¶ 21:**

Paragraphs 1 to 20 are incorporated herein by reference as if fully pleaded herein.

**ANSWER:**

The Sun Times admits the allegations in paragraph 21 and incorporates by reference its answers to paragraphs 1-20.

**COMPLAINT ¶ 22:**

Hughes suffers from a mental impairment that limits him in the major life activity of working.  Accordingly, he is disabled within the meaning of the ADA.

**ANSWER:**

The Sun Times denies the allegations in paragraph 22.

**COMPLAINT ¶ 23:**

Hughes could have performed his job, for which he was qualified, with reasonable accommodation from the Sun Times, but that accommodation was unlawfully denied to him.

**ANSWER:**

The Sun Times denies the allegations in paragraph 23.

**COMPLAINT ¶ 24:**

Hughes was subjected to a hostile work environment as a result of his disability.

**ANSWER:**

The Sun Times denies the allegations in paragraph 24.

**COMPLAINT ¶ 25:**

Hughes informed the Sun Times of the hostile work environment and its effect on him and asked that the Sun Times take steps to remedy those problems, yet the Sun Times refused to do so.

**ANSWER:**

The Sun Times admits that Hughes sent Jack Barry a letter dated October 30, 2007,

alleging harassment and abusive treatment on behalf of Mary Ann Lopez, and that the letter

stated that "I turn to your [sic] for action in attempt to address and correct these behaviors."  The

Sun Times denies all remaining allegations in paragraph 25.

**COMPLAINT ¶ 26:**

The acts alleged above, including the Sun Times' willful failure to accommodate Hughes' reasonable requests for accommodation, and willful failure to remedy the hostile environment, constitute unlawful employment practices in violation of ADA Section 102(a), 102(b)(1) and 102(b)(5)(A) and (B), 42 U.S.C.A. § 12112(a), (b)(1) and (b)(5)(A) and (B).  All conduct alleged above occurred during a legally cognizable time period at Defendant's Aurora, Illinois facility.

**ANSWER:**

The Sun Times denies the allegations in paragraph 26.

**COMPLAINT ¶ 27:**

The Sun Times employment practices, as alleged above, deprived Hughes of equal employment opportunities and otherwise adversely affected his status as an employee, and were the result of Hughes' disability.

**ANSWER:**

The Sun Times denies the allegations in paragraph 27.

**COMPLAINT ¶ 28:**

The Sun Times engaged in the above-described conduct against Hughes with malice and in reckless disregard of Hughes' federally protected rights.

**ANSWER:**

The Sun Times denies the allegations in paragraph 28.

**AFFIRMATIVE DEFENSES**

1.      Hughes failed to state claim upon which relief can be granted because he failed to comply with all statutory prerequisites prior to filing suit.  Specifically, Hughes failed to file suit within ninety days after receipt of his Notice of Right to Sue.

2.      To the extent Hughes failed to exercise reasonable diligence in the mitigation of damages, he is not entitled to relief.

3.       Relief in the form of punitive damages is barred because of the Sun Times' good-faith efforts to comply with all applicable anti-discrimination, harassment, and retaliation laws, including the ADA and Title VII.  *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 528 (1999).

Respectfully submitted,

THE SUN TIMES COMPANY


By:  s/Jason M. Torres
      One of Its Attorneys


Kristin Michaels
Jason M. Torres
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

May 28, 2008

## <u>CERTIFICATE OF SERVICE</u>

Jason M. Torres, an attorney, certifies that he caused a true and correct copy of the foregoing Answer to Complaint to be filed electronically in the United States District Court for the Northern District of Illinois on this 28th day of May, 2008.

> Philip W. Collins III, Esq.
> Law Offices of Philip W. Collins III
> 940 E. Diehl road, Suite 110-B
> Naperville, Illinois  60563
> (630) 505-1424
> pwc3@)pwc3law.com


> <u>s/ Jason M. Torres</u>